**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

In re:

HBL SNF, LLC, d/b/a EPIC REHABILITATION
AND NURSING AT WHITE PLAINS,

App. Case No. 22-cv-06254 (VB)

Chapter 11

Case No. 21-22623 (SHL)

Debtor.

---------------------------------------------------------------------x

WHITE PLAINS HEALTHCARE PROPERTIES I, LLC,

Plaintiff,

against     Adversary Proceeding

HBL SNF, LLC, LIZER JOZEFOVIC A/K/A LIZER     Case No. 21-07096 (SHL)
JOZEFOVIC, and MARK NEUMAN,

Defendants and Third-Party Plaintiffs,

against

CCC EQUITIES, LLC, PROJECT EQUITY
CONSULTING, THE CONGRESS COMPANIES,
HOWARD FENSTERMAN, WILLIAM NICHOLSON, and
METROPOLITAN COMMERCIAL BANK

Third-Party Defendants

---------------------------------------------------------------------x

**WHITE PLAINS HEALTHCARE PROPERTIES I, LLC'S MEMORANDUM OF LAW
IN OPPOSITION TO HBL'S EMERGENCY MOTION TO EXPEDITE
<u>CONSIDERATION OF APPEAL</u>**

## <u>TABLE OF CONTENTS</u>

*Page*

TABLE OF AUTHORITIES ........................................................................................................... iii

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT ................................................................................................................................... 3

      I.     THE DISTRICT COURT LACKS JURISDICTION TO CONSIDER THIS APPEAL ................................................................................................................. 3

      II.    THE COURT SHOULD NOT EXERCISE ITS DISCRETION TO EXPEDITE THE APPEAL ................................................................................................... 5

      III.   EVEN IF THE COURT GRANTS THE MOTION FOR AN EXPEDITED APPEAL, THE SCHEDULE SHOULD BE MODIFIED .................................... 8

CONCLUSION ................................................................................................................................ 9

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                                   *Page(s)*

*2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp.*,
    No. 20-CV-1278, 2021 WL 1209355 (E.D.N.Y. Mar. 30, 2021)............................................ 5

*Bellon v. Harrington (In re Gutierrez)*,
    No. 17-12775, 2020 WL 2216557 (S.D.N.Y. May 7, 2020) ............................................ 3, 5

*Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re Pan Am Corp.)*,
    159 B.R. 396 (S.D.N.Y. 1993)............................................................................................ 4

*Fischer v. 47th St. Photo, Inc.*,
    No. 92 Civ. 6529, 1993 WL 126525 (S.D.N.Y. Apr. 22, 1993)......................................... 4, 5

*In re Online King LLC*,
    629 B.R. 340 (Bankr. E.D.N.Y. 2021)................................................................................ 6

*In re Seven Stars on the Hudson Corp.*,
    618 B.R. 333 (S.D. Fla. 2020) ........................................................................................ 6, 8

*LTV Steel Co. v. United Mine Workers of Am. (In re Chateaugay Corp.)*,
    922 F.2d 86 (2d Cir. 1990)................................................................................................ 4

*Smith v. Rescap Borrower Claims Tr. (In re Residential Cap. LLC)*,
    No. 14-cv-9711, 2015 WL 5729702 (S.D.N.Y. Sept. 30, 2015) ........................................ 5

**STATUTES**

11 U.S.C. § 1189............................................................................................................... 6

11 U.S.C. § 365................................................................................................................. 6

28 U.S.C. § 158............................................................................................................. 3, 4

Fed. R. Bankr. P. 7054..................................................................................................... 3

Fed. R. Bankr. P. 8003..................................................................................................... 5

Fed. R. Civ. P. 54......................................................................................................... 3, 4

Plaintiff-Appellee White Plains Healthcare Properties I, LLC ("WPHP" or the "Landlord") respectfully submits this memorandum of law in opposition to the motion (the "Motion") of Defendant-Appellant HBL SNF, LLC d/b/a Epic Rehabilitation and Nursing at White Plains ("HBL" or the "Tenant") seeking to expedite consideration of its appeal.  For the reasons set forth below, the Court should deny HBL's Motion.

## PRELIMINARY STATEMENT

HBL's "emergency" motion for an expedited appeal should be denied for the simple reason that the 43-page partial summary judgment decision and order that HBL purports to appeal from is not a final order, and HBL has neither sought nor obtained leave to appeal from this interlocutory order.  The Bankruptcy Court's decision resolved a single issue in the adversary proceeding between HBL and the Landlord.  It did not fully resolve any single claim in the adversary proceeding and certainly did not resolve the adversary proceeding in its entirety.  Because the decision and order appealed from is clearly interlocutory, this Court lacks jurisdiction to hear the appeal.

Further, even if *arguendo* this Court had jurisdiction to hear the appeal, HBL's appeal should not be expedited because HBL has only itself to blame for its current predicament, and this Court should not exercise its discretion to expedite any appeal.  HBL filed its bankruptcy petition under Subchapter V of Chapter 11 of the Bankruptcy Code ("Subchapter V") in November 2021 to thwart the state court from adjudicating the issue of whether HBL's lease with the Landlord (the "Lease") was lawfully terminated in January 2020 (more than two-and-a-half years ago).  HBL then deployed various tactics to prolong the litigation, obtaining a series of extensions of the Bankruptcy Code's deadlines to assume or reject the Lease, and to file a plan of reorganization.  Indeed, even though it was fully aware of the impending August 29, 2022 statutory deadline, HBL asked the Bankruptcy Court to refrain from entering its order

implementing its decision for approximately one month, so that the parties could pursue

mediation without concurrent litigation over an appeal.  Then, after that mediation effort failed to

reach a resolution, rather than promptly seeking leave to appeal and attempting to pursue an

appeal to the District Court, HBL elected to spend time pursuing an unsuccessful motion for

reconsideration before the Bankruptcy Court.[1]

       The purpose of Subchapter V is to provide small business debtors with a "streamlined"

bankruptcy process with prompt deadlines.  HBL filed for bankruptcy protection under

Subchapter V in the hope that it could stop the clock on the state court Lease litigation and use

the protections of the Bankruptcy Code to find a way to hold onto its Lease, even though it has

now been determined in the Bankruptcy Court's thorough decision that the Landlord had

properly terminated the Lease approximately two years before HBL's bankruptcy petition was

filed.  Along the way, HBL obtained numerous extensions of the statutory deadlines to assume

the Lease and propose a reorganization plan.  Its gambit has failed.  Finally, after more than one

year of litigation in state court and another nine months of proceedings before the Bankruptcy

Court, HBL now finds itself at the end of the road.

       As explained in greater detail below, HBL's motion should be denied because this Court

lacks jurisdiction to hear the appeal.  And even if this Court had jurisdiction over this appeal,

there is no basis to grant HBL's request to expedite the appeal.

---

[1] A copy of the transcript from the Bankruptcy Court's oral ruling on the motion for reconsideration is attached to the Declaration of Eric B. Fisher (the "Fisher Declaration") as Exhibit 1.  A copy of the Bankruptcy Court's Order denying HBL's motion for reargument is attached to the Fisher Declaration as Exhibit 2.

## ARGUMENT

I. **THE DISTRICT COURT LACKS JURISDICTION TO CONSIDER THIS APPEAL**

The district court's jurisdiction to consider appeals from the bankruptcy court derives from 28 U.S.C. § 158(a)(1).  Pursuant to 28 U.S.C. § 158(a)(1), the district court has jurisdiction to hear appeals from final orders, or from interlocutory orders where the party seeking the appeal has sought and obtained "leave of the court."  Here, the district court lacks jurisdiction to consider this appeal because the Bankruptcy Court's June 28, 2022 order (the "Order") implementing its May 20, 2022 Memorandum of Decision (the "Decision"),[2] is not a final order and HBL did not seek or obtain leave to file an interlocutory appeal.

In the context of a bankruptcy appeal, an order "need not resolve all of the issues raised by the bankruptcy" to be considered final.  *Bellon v. Harrington (In re Gutierrez)*, No. 17-12775, 2020 WL 2216557, at *1 (S.D.N.Y. May 7, 2020).  Nonetheless, the order "must completely resolve all of the issues pertaining to a discrete claim, *including issues as to the proper relief*."  *Id.* (emphasis added).  Where, as is the case here, the appeal arises from an order issued in an adversary proceeding, Federal Rule of Civil Procedure 54 also controls.  *See* Fed. R. Bankr. P. 7054.  Rule 54(b) of the Federal Rules of Civil Procedure provides that, absent express certification by the court:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[2] Copies of the Decision and Order are attached to the Notice of Appeal, ECF No. 1, as Exhibits A and B, respectively.  At HBL's request, the Bankruptcy Court refrained from entering the Order implementing its decision until the end of June in order to allow the parties to pursue a mediation effort without concurrently litigating HBL's attempt to appeal from the Decision and Order.  *See* Transcript of May 31, 2022 hearing before the Bankruptcy Court, Fisher Decl. Ex. 3 at 7.

3

Fed. R. Civ. P. 54(b); *see also Fischer v. 47th St. Photo, Inc.*, No. 92 Civ. 6529, 1993 WL
126525, at *2 (S.D.N.Y. Apr. 22, 1993).  "The law of this Circuit [] requires strict compliance
with Rule 54(b) in the bankruptcy context."  *Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re
Pan Am Corp.)*, 159 B.R. 396, 400 (S.D.N.Y. 1993) (internal quotation marks omitted).

      Applying these standards, courts have held that orders granting partial summary
judgment in adversary proceedings are not final orders under § 158(a)(1).  *See LTV Steel Co. v.
United Mine Workers of Am. (In re Chateaugay Corp.)*, 922 F.2d 86, 91 (2d Cir. 1990) ("[T]he
[subject] orders granting partial summary judgment in favor of [the appellee] are interlocutory
orders and remain interlocutory until the bankruptcy court determines that the orders are final
within the context of section 158(d)."); *Fischer*, 1993 WL 126525, at *2  ("Where no final
judgment has been entered, the granting of partial summary judgment is an interlocutory order");
*see also In re Pan Am Corp.*, 159 B.R. at 400 ("[T]he Second Circuit has held that an order
granting partial summary judgment disposing of only one of two pending claims in an adversary
proceeding is interlocutory and therefore not appealable as a final order absent compliance with
Rule 54(b).").

      Here, the Decision and Order resolve only the limited question of whether WPHP
lawfully terminated its Lease with HBL prior to HBL's commencement of the bankruptcy
proceeding due to HBL's numerous defaults.  ECF No. 1, Ex. A (Decision at 2).  The Decision
and Order do not fully resolve any of WPHP's claims in the adversary proceeding—the Decision
expressly states that there are "numerous other defaults that the Court will not address in detail in
this Decision."  *Id.* at 12 n.8.  Nor do the Decision and Order finally resolve the issue of remedy
or damages, which remain ripe for further litigation and resolution before the Bankruptcy Court.
If the Bankruptcy Court had thought it appropriate to do so, the Bankruptcy Court could have

certified the Decision and Order for immediate appellate review notwithstanding its interlocutory nature pursuant to Federal Rule of Civil Procedure 54(b).  It did not.  As a result, the Order is an interlocutory order and HBL's failure to seek leave deprives this court of jurisdiction to hear the appeal.[3]  *See In re Gutierrez*, 2020 WL 2216557, at *1 (dismissing appeal from non-final bankruptcy order for want of jurisdiction); *Smith v. Rescap Borrower Claims Tr. (In re Residential Cap. LLC)*, No. 14-cv-9711, 2015 WL 5729702, at *7 (S.D.N.Y. Sept. 30, 2015) (same); *Fischer*, 1993 WL 126525, at *3 (same); *see also 2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp.*, No. 20-CV-1278, 2021 WL 1209355, at *3 (E.D.N.Y. Mar. 30, 2021) (same).

## II.     THE COURT SHOULD NOT EXERCISE ITS DISCRETION TO EXPEDITE THE APPEAL

The basis for the January 2020 Lease termination was HBL's numerous and continuing defaults under the Lease—including, but certainly not limited to, its outright refusal to pay the $5.3 million in security deposits to the Landlord as mandated by the Lease.  HBL and WPHP have been engaged in litigation regarding the Landlord's termination of the Lease for almost two years—since September 2020.  Having finally obtained a ruling that the Lease was terminated approximately two years before HBL filed for bankruptcy protection, the Landlord is unwilling to further prolong the parties' dispute by consenting to yet another extension of time for HBL to comply with its Chapter V statutory deadlines.

At every turn, HBL has successfully sought to delay adjudication of the parties' dispute. HBL and WPHP initially litigated the Lease dispute before the Supreme Court, Westchester

---

[3] If HBL decides to seek leave to appeal pursuant to Fed. R. Bankr. P. 8003(b), the Landlord reserves its right to oppose such motion on the merits.  Leave would not be proper here because the contemplated appeal does not satisfy the applicable standard.

County, for approximately a year.  On the eve of completing the briefing of WPHP's summary judgment motion before the state court, HBL filed for bankruptcy and immediately thereafter removed the Lease termination litigation to the Bankruptcy Court.  More specifically, HBL filed for relief under Subchapter V—a "fast-tracked process," the statutory purpose of which is to provide small business debtors with an "accelerated path to reorganize [their] business affairs." *In re Online King LLC*, 629 B.R. 340, 350 (Bankr. E.D.N.Y. 2021).  Among other requirements, Subchapter V requires that a debtor file a plan of reorganization within 90 days of its bankruptcy filing, 11 U.S.C. § 1189(b), and assume or reject an unexpired lease of nonresidential real property within 210 days of filing for bankruptcy, 11 U.S.C. § 365(d)(4).  Subchapter V provides "extraordinary powers and cost-saving provisions" to small business debtors like HBL and, "to balance the special new powers available to small business debtors, Congress granted creditors a very important protection: the requirement that a Subchapter V case proceed expeditiously." *In re Seven Stars on the Hudson Corp.,* 618 B.R. 333, 340-41 (S.D. Fla. 2020).  It is in furtherance of this *creditor* protection that Subchapter V requires the debtor to comply with the applicable statutory deadlines. *Id.*

HBL opted to file a streamlined Subchapter V proceeding notwithstanding that it claimed to be "financially and operationally sound," and that the only catalyst for its bankruptcy filing was the anticipated fallout if a court were to rule that the Lease had been terminated.  Declaration of Lizer Jozefovic pursuant to Local Bankruptcy Rule 1007-2 and in Support of the Chapter 11 Subchapter V Petition and First Day Motions, Case No. 21-22623 (SHL) (Bankr. S.D.N.Y.), Bankr. Dkt. 3 ¶ 26.  And, even after the Debtor removed the litigation to this Court and with full awareness of the Subchapter V statutory deadlines, it once again sought to delay adjudication by

seeking and obtaining discovery and supplemental briefing in connection with WPHP's summary judgment motion, which had already been fully briefed.

In connection with its bankruptcy case, HBL has obtained a series of significant extensions of its deadlines to file a plan of reorganization and to assume or reject the Lease. HBL's initial deadline to file a plan of reorganization was January 30, 2022.  HBL has sought and obtained four extensions of this deadline—meaning that HBL has been given *seven additional months* beyond the initial deadline to try and formulate a plan of reorganization and must do so on or before August 29, 2022.  *See* Fisher Decl. Ex. 4 (February 4, 2022 Bankruptcy Court Order granting first extension until April 1, 2022 to file plan of reorganization); *id.* Ex. 5 (April 19, 2022 Bankruptcy Court Order granting second extension until May 31, 2022 to file plan of reorganization); *id.* Ex. 6 (June 2, 2022 Bankruptcy Court Order granting third extension until July 14, 2022 to file plan of reorganization); *id.* Ex. 7 (July 13, 2022 Bankruptcy Court Order granting fourth extension until August 29, 2022 to file plan of reorganization).  Similarly, HBL's initial deadline to assume or reject the Lease expired on May 31, 2022.  HBL sought and was granted two prior extensions of the deadline, and now has until the statutory deadline of August 29, 2022 to assume or reject the Lease.  *Id.* Ex. 8 (June 2, 2022 Bankruptcy Court Order granting first extension until July 14, 2022 to assume or reject Lease); *id.* Ex. 9 (July 13, 2022 Bankruptcy Court Order granting second extension until August 29, 2022 to assume or reject Lease).

Having done everything in its power to delay adjudication of its lease-termination dispute with WPHP, including its tactical Subchapter V bankruptcy filing (which has not been the fast-tracked proceeding Congress intended it to be), and having obtained numerous extensions of the applicable deadlines before the Bankruptcy Court, HBL now claims it faces an "emergency."

*See, e.g.*, *In re Seven Stars,* 618 B.R. at 346 (Congress "set a high standard" to grant a request for extension of time under § 1189(b); where the debtor created the circumstances that caused its inability to timely file a Subchapter V plan, those circumstances were not beyond the debtor's control).

Ever since it commenced litigation in state court in September 2020, the Landlord has actively sought a ruling that it had properly terminated the Lease because of HBL's defaults. Having now obtained such a ruling from the Bankruptcy Court, the Landlord is unwilling to further extend HBL's deadline to assume or reject the Lease that has already been extended twice, giving HBL three additional months beyond the initial deadline for a Subchapter V case. The Bankruptcy Court's well-reasoned, thorough Decision was the product of almost two years of litigation before the state court and the Bankruptcy Court, more than 150 pages of briefing and a voluminous record.  The Landlord, as HBL's largest creditor, has been harmed by HBL's delay tactics and refuses to consent to a further extension of any deadlines in HBL's bankruptcy case.

## III.   EVEN IF THE COURT GRANTS THE MOTION FOR AN EXPEDITED APPEAL, THE SCHEDULE SHOULD BE MODIFIED

Without any consultation with WPHP, HBL's suggested briefing schedule provides WPHP with one week to submit its appellee brief.  However, because of scheduled vacations and other litigation deadlines, if this Court decides that it has jurisdiction to consider HBL's appeal and decides to expedite the appeal, then WPHP respectfully requests that it be provided with two weeks to submit its appellee brief.[4]  Notably, the two weeks requested by WPHP is less than half of the 30-day period permitted by Rule 8018 of the Federal Rules of Bankruptcy Procedure.

---

[4] HBL also has failed to file its designation of the record on appeal pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure. Its proposed schedule fails to account for the filing of the record or appellee's right to counter-designate items for the record.

## **CONCLUSION**

For the reasons set forth above, WPHP respectfully requests that the Court deny HBL's

motion for an expedited appeal and grant such other and further relief as the Court deems just

and proper.

Dated:  July 26, 2022
        New York, New York

Respectfully submitted,

BINDER & SCHWARTZ LLP

/s/ Eric B. Fisher
Eric B. Fisher
Lindsay A. Bush
366 Madison Avenue, 6th Floor
New York, NY 10017
Tel.: (212) 510-7272
Email: efisher@binderschwartz.com
Email: lbush@binderschwartz.com

-and-

DELBELLO DONNELLAN WEINGARTEN WISE &
WIEDERKEHR, LLP
Alfred E. Donnellan
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Tel.: (914) 681-0200
Email: aed@ddw-law.com

ABRAMS FENSTERMAN, LLP
Robert A. Spolzino
81 Main Street, Suite 306
White Plains, New York 10601
Tel.: (914) 607-7010
Email: RSpolzino@Abramslaw.com

*Counsel for White Plains Healthcare Properties I, LLC*